UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRED GREENE,

                        Plaintiff,

                                                DECISION AND ORDER

                                                09-CV-6125L

            v.

COMMISSIONER ESGROW, et al.,

                        Defendants.
_____


        Plaintiff, Fred Greene, appearing *pro se*, commenced this action pursuant to 42 U.S.C.

§ 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS"), asserts claims against four individual defendants, who at all relevant times were

employed by DOCS, arising out of certain events that occurred in 2008, while plaintiff was confined

at Southport Correctional Facility.

        Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. The motion is granted, for the reasons that follow.


                                **DISCUSSION**

        Although the complaint is substantively little more than a collection of exhibits, it appears

that plaintiff was charged in October 2008 with several violations, based on an allegation that he had

"spit from [his] cell striking a staff member." Dkt. #1 at 8. He was placed on a pre-hearing

restricted diet from October 8 to October 15. *Id.* The order imposing that diet stated in part, "No more than a total of twenty-one [21] meals should be restricted" under the order. *Id.*

A hearing was held on October 15, and plaintiff was found guilty of the charges against him. The hearing officer sentenced him to twelve months' confinement in the Special Housing Unit, and twenty-one days on restricted diet. *Id.* at 12. The order imposing the punishment indicated that seven days of that restricted-diet sentence would be suspended. *Id.*

It appears from plaintiff's exhibits that he was placed on a restricted diet from October 23 through October 29, and again from November 1 through November 7, 2008, meaning that he would miss a total of forty-two meals. *Id.* at 7.[1] Plaintiff's claims in this case appear to be based on his belief that pursuant to the pre-hearing restricted diet order, he should not have missed more than twenty-one meals in total. He alleges that his sentence imposing a post-hearing restricted diet violated that condition set forth in the pre-hearing order, particularly since plaintiff had already missed twenty-one meals during his pre-hearing restricted diet.

Based on those allegations, plaintiff asserts claims of "harrasment [sic], cruel & unusual punishment[, and a] due process violation." *Id.* at 6. He seeks damages against the four defendants: hearing officer Esgrow; Norman Bezio, the DOCS Director, Special Housing/Inmate Disciplinary Program; DOCS Commissioner Brian Fischer; and Southport Superintendent D. F. Napoli.

Even accepting plaintiff's factual allegations as true, and drawing all reasonable inferences in his favor, these allegations fail to state a claim upon which relief can be granted. For one thing,

---

[1]Plaintiff's Exhibit 2, which is a memo signed by the facility superintendent setting forth the exact dates of plaintiff's restricted diet, bears two handwritten notations indicating that "21 meals" would be missed during each of the seven-day periods. Dkt. #1 at 7.

plaintiff's claims appear to be based on his misconception that the pre-hearing restricted diet order imposed a twenty-one meal cap on the number of meals that he could miss as a result of the charges against him. That order, however, by its terms plainly referred only the *pre*-hearing diet, and did not in any way restrict the hearing officer's discretion to impose a further period of restricted diet as a part of his disposition of the charges against plaintiff.

There is also no indication in the record that the imposition of the post-hearing restricted diet was at all contrary to the relevant New York regulations concerning restricted diets. *See* 7 N.Y.C.R.R. 304.2. Even if it did, however, that would not in itself give rise to a federal constitutional claim. *See Eleby v. Selsky*, ___ F.Supp.2d ___, 2010 WL 424583, at *3 (W.D.N.Y. 2010); *Barnes v. Henderson*, 628 F.Supp.2d 407, 411 (W.D.N.Y. 2009).

With respect to plaintiff's claim of cruel and unusual punishment, I see no basis for such a claim here. "The cruel and unusual punishment clause of the Eighth Amendment does not prohibit prison officials from restricting an inmate's diet as a punitive measure, as long as the inmate receives nutritionally adequate food that does not present an imminent health risk." *James v. Coughlin*, 13 F.Supp.2d 403, 412 (W.D.N.Y. 1998). Plaintiff does not allege any facts tending to show that the food that he was given was nutritionally inadequate, or that his health was adversely affected or jeopardized by his being placed on a restricted diet.[2] Accordingly, his Eighth Amendment claim

---

[2]While this might seem obvious, I note that when it is stated that an inmate will miss twenty-one meals over a seven-day period, that does not mean that the inmate goes seven days without food, and plaintiff makes no allegation along those lines here. Rather, an inmate on a restricted diet is simply is not given his usual three meals a day, and instead receives an alternative diet, which, though presumably less appetizing or palatable than the standard diet, "must consist of a sufficient quantity of wholesome and nutritious food." 7 N.Y.C.R.R. § 304.2(e).

must be dismissed. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (to avoid dismissal, complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007)); *see*, *e.g.*, *Modlenaar v. Liberatore*, No. 07-CV-6012, 2009 WL 2179661, at *6 ("Plaintiff does not allege that he had any medical condition which would have made it unsafe for him to be placed on a restricted diet. Accordingly, the Eighth Amendment medical claim is dismissed"); *Breazil v. Bartlett*, 998 F. Supp. 236, 240-242 (W.D.N.Y. 1997) (no Eighth Amendment violation where inmate was placed on pre-hearing restricted diet consisting of "Nutriloaf" and one cup of raw cabbage for one week, and a post-hearing restricted diet consisting of Nutriloaf and cabbage for 45 days).

Although plaintiff also attempts to assert a due process claim, he has not articulated the basis for that claim, and I see no factual basis for a due process claim here. Plaintiff's conclusory allegation of "harassment" also fails to state a cognizable constitutional claim.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #9) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        February 17, 2010.